IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:06-CR-383 |
| | ) | Hon. T.S. Ellis, III |
| PRINCE ABREFA, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO COURT'S INQUIRY

In an Order entered on September 29, 2017, the Court offered undersigned counsel the opportunity to submit a brief memorandum detailing the ethical obligations governing counsel's response to the Court's question about whether defense counsel had discussed the hearing date with Mr. Abrefa. Defense counsel appreciates the Court's consideration of this issue, and hereby submits the following brief discussion of the relevant ethical rules and their application in this context.

I.  Applicable Rules of Professional Conduct

When defense counsel is asked by a court whether they have conferred with an absent client regarding a hearing date, the answer – whether yes or no – implicates Virginia Rules of Professional Conduct ("RPC") 1.6 (Confidentiality of Information) and 3.3 (Candor Toward the Tribunal). In pertinent part, Rule 1.6 states:

> (a) A lawyer shall not reveal information protected by the attorney-client privilege under applicable law or other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

Of the listed exceptions to the Rule, only one is potentially pertinent here. It provides:

> (b) To the extent a lawyer reasonably believes necessary, the lawyer may reveal:
>
> (1) such information to comply with a law or a court order.

RPC 1.6(b)(1). The Rule also provides that a lawyer "shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information protected under this Rule." *Id.* 1.6(d).

Rule 1.6 recognizes that "[a] fundamental principle in the client-lawyer relationship is that the lawyer maintain confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter." *Id.* Cmt. 2b. "The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information protected by the attorney-client privilege under applicable law or other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client, whatever its source." *Id.* Cmt. 3.

Rule 3.3 (Candor Toward the Tribunal) provides in pertinent part that:

(a) A lawyer shall not knowingly:

> (1) make a false statement of fact or law to a tribunal;
>
> (2) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
>
> (3) fail to disclose to the tribunal controlling legal authority in the subject jurisdiction known to the lawyer to be adverse to the position of the client and not disclosed by opposing counsel; or
>
> (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

The first comment to the Rule further provides that "[t]he advocate's task is to present the

client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty of candor to the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value." RPC 3.3 Cmt. 1.

II. Discussion

When a judge asks a lawyer to inform the Court about whether he has been in communication with a client who has been summoned to court and has nevertheless not appeared, there are two possible truthful answers: "Yes" or "No." Unless the lawyer is able to provide a justification for the client's absence, the former answer would reveal to the Court that the client has been informed of the court date and nonetheless (without good cause) failed to appear.[1]

Likewise, the latter answer would also be "embarrassing or . . . likely . . . detrimental to the client," RPC 1.6(a), because it would reveal that the lawyer's efforts to reach his client have not been successful, and thereby imply that the client has absconded or at least made himself unreachable. *See* RPC 1.4(a) (Communication) (requiring counsel to "keep a client reasonably informed about the status of a matter"). In sum, both answers run the risk of violating Rule 1.6(a) as the answers are based on "information gained in the professional relationship . . . the disclosure of which would be embarrassing or would be likely to be detrimental to the client."

Counsel also has a duty of candor to the Court, specifically to "not knowingly . . . make a

---

[1] Disclosure of confidential information that is *helpful* to the client stands on a different footing, since the client is likely to have consented to the disclosure of that information or disclosure of the helpful information would be "impliedly authorized in order to carry out the representation." RPC 1.6(a).

3

false statement of fact or law to a tribunal." RPC 3.3(a)(1). An attorney who informs the Court that he "makes no representations" as to whether he has discussed the hearing date with his client who has failed to appear is not making a false statement of fact to the Court. He or she is merely respectfully declining to answer the Court's question so as to meet both his duty to his client and his duty to the Court. In responding this way to the Court's question, undersigned counsel meant no disrespect and was simply seeking to comply with the ethical obligation not to disclose information that could be detrimental to the client.

                Respectfully submitted,

                PRINCE ABREFA
                By Counsel

                    /s/
                Kenneth P. Troccoli, Esq.
                Ann Mason Rigby, Esq.
                Attorneys for the defendant
                Office of the Federal Public Defender
                1650 King Street, Suite 500
                Alexandria, Virginia 22314
                (703) 600-0800 (T)
                (703) 600-0880 (F)
                Kenneth_Troccoli@fd.org (email)
                Ann_Rigby@fd.org (email)

## CERTIFICATE OF SERVICE

     I hereby certify that on October 6, 2017, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Sean J. Wright, Esq.
Special Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

(703) 299-3700
Sean.J.Wright@usdoj.gov

  Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

                     /s/
                 Kenneth P. Troccoli
                 Virginia Bar Number 27177
                 Attorney for the defendant
                 Assistant Federal Public Defender
                 1650 King Street, Suite 500
                 Alexandria, Virginia 22314
                 (703) 600-0870 (T)
                 (703) 600-0880 (F)
                 Kenneth_Troccoli@fd.org (email)